**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4011

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES PYNE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CR-04-18-AW)

Submitted: March 3, 2006          Decided: April 25, 2006

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Kehinde Pyne was convicted of one count of conspiracy to distribute and possess with intent to distribute heroin and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1); 846 (2000). Pyne was sentenced to imprisonment for 144 months. We find no error and affirm Pyne's convictions and sentence.

Pyne contends that the district court erred in denying his motion to suppress. He maintains that his apartment complex's parking garage was curtilage, thereby requiring the Government to obtain either a search warrant or his consent prior to searching it.

We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The Fourth Amendment protects a residence's curtilage if "the area harbors the intimate activity associated with the sanctity of a man's home and the privacies of life." United States v. Dunn, 480 U.S. 294, 300 (1987) (internal quotations omitted). In determining whether curtilage rises to this level, we consider "'the proximity of the area claimed to be curtilage to the

home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by.'" United States v. Breza, 308 F.3d 430, 435 (4th Cir. 2002) (quoting Dunn, 480 U.S. at 301).

The parking garage at issue was used by other tenants, contained multiple parking spaces, and was located at the bottom level of a multi-level apartment complex. Though the garage had a security gate, uncontroverted testimony established that it was, at best, unreliable. Under these facts, we conclude the district court did not clearly err in its determination that the parking garage was not curtilage subject to Fourth Amendment protections. See United States v. Stanley, 597 F.2d 866, 870 (4th Cir. 1979) (holding that a common area parking lot was not within the curtilage of a mobile home).

Additionally, Pyne argues that the officer's use of a drug detection canine was a warrantless search requiring suppression of the evidence. The Fourth Amendment is not implicated when Government action does not "compromise any legitimate interest in privacy." Illinois v. Caballes, 543 U.S. 405, 408 (2005). Because "any interest in possessing contraband cannot be deemed legitimate, . . . governmental conduct that *only* reveals the possession of contraband compromises no legitimate privacy interest." Id. (internal quotations omitted). Law

enforcement officers, who were properly in the complex's parking garage, performed a canine scan of a vacant, parked vehicle. Due to their surveillance, officers had a reasonable suspicion to believe that the vehicle contained contraband substances. Once the canine alerted to the vehicle, officers obtained a search warrant. In light of these circumstances, we conclude that the canine search was proper as the protections of the Fourth Amendment were not implicated. Therefore, the district court did not err in denying Pyne's motion to suppress.

Pyne also contends the district court improperly denied a hearing under Franks v. Delaware, 438 U.S. 154 (1978). In order to establish that a Franks hearing is warranted, a defendant must show "(1) 'that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit,' and (2) that the statement was necessary to the finding of probable cause." United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994) (quoting Franks, 438 U.S. at 171-72). "This showing must be more than conclusory and must be accompanied by a detailed offer of proof." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (internal quotations omitted).

Pyne has failed to meet this burden. His statements are conclusory and fail to demonstrate that the challenged portions of the affidavit are anything more than the result of negligence or innocent mistake. See Franks, 438 U.S. at 171 (a challenger's

attack must be more than conclusory and allegations of negligence or innocent mistake are insufficient).  Therefore, the district court properly denied Pyne's motion for a <u>Franks</u> hearing.

Accordingly, we deny Pyne's motions to file a pro se supplemental brief and for correction of alleged errors and omissions in the district court's docket report and affirm the convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>